## EATON v. EATON.

### No. 3798.

Court of Civil Appeals of Texas. El Paso.

Feb. 9, 1939.

Rehearing Denied March 2, 1939.

Neil E. Beaton, of San Antonio, for appellant.

Lee Wallace, of Kerrville, and Dave Watson, D. A. McAskill, and Morriss & Morriss, all of San Antonio (W. C. Douglas, of San Antonio, on motion only), for appellee.

WALTHALL, Justice.

Irene C. Eaton, appellee in this appeal, plaintiff in the trial court, brought this suit against appellant, Clayton H. Eaton, defendant below, in the Fifty-Seventh District Court of Bexar County, in which plaintiff asked that she be given a judgment divorcing her from defendant, and alleged as grounds therefor cruel treatment of such nature as to render their further living together insupportable, and that the property rights of herself and defendant be ascertained and fixed by the decree; that defendant be required to bring to court a full list of his leases, holdings, contracts, and other properties; reports showing the money received from runs of oil from leases, and the money he has in banks and a list of the securities he holds.

Plaintiff alleges that she claims an interest in all of the properties which defendant holds.

Plaintiff further asked that she have judgment for costs; for a reasonable attorney's fee, and that, after notice, defendant be directed to pay to plaintiff $500 per month as temporary alimony for her maintenance during the pendency of this suit, and for other orders as she may be entitled to.

Plaintiff pleaded other facts as incident to her suit such as, that she was married to defendant, stating the time and place, and that they lived together as husband and wife until their separation, stating the time and place; that at all times since her marriage with defendant she has conducted herself with modesty and propriety, and has managed the household affairs with

prudence and economy, etc.; that on or about the 25th day of January, 1937, defendant began a course of harsh and cruel treatment toward plaintiff which continued until the date of their separation, stating such treatment in detail and the effect such treatment had upon her health; all of which we omit to state.

Defendant answered by general demurrer, general denial and special denials.

By way of cross action and reconvention defendant alleged that on or about the middle of the year 1931, defendant and plaintiff began living together, without civil ceremony, as husband and wife; that about April 4, 1934, defendant and plaintiff participated in a civil ceremony of marriage between themselves; that both the common law marriage and the civil ceremony marriage were and are void because of the impediment pleaded, to-wit, that at the time and during all of the existence of each of said marriage relations between plaintiff and defendant, plaintiff was the legal and lawful wife of one Roy Shafer, of Mobile, Alabama, plaintiff and said Roy Shafer having, on or about the year 1919, entered into a valid civil marriage ceremony, which marriage has never been dissolved in any manner; that said Roy Shafer is still living and is the lawful husband of plaintiff. Defendant alleged in the alternative other civil marriages with other men; but under uncontroverted evidence it having been shown that plaintiff at the time alleged was the lawful wife of Roy Shafer, for the purposes of this suit we need not state or consider the other marriage relations alleged, or the allegations of fact relating thereto, but will consider only the allegation of defendant that because of the relation of plaintiff with Roy Shafer, and the established fact of such relation, that defendant is entitled to a divorce or a cancellation of his marriage relation with plaintiff, and the effect of a divorce or cancellation of defendant's relation with plaintiff as to the community property, if any, of plaintiff and defendant at the time of this suit.

Plaintiff answered the above matters as to her marriage relation with Roy Shafer; denied such relation; she alleged as in her original petition that the property now held by defendant was the common property of herself and defendant, and asked that if for any reason divorce be denied her, or divorce be granted defendant, or an annulment decreed, that her one-half interest in the properties be adjudged to her and that her rights and interests therein be established and protected.

The case was tried with a jury, but at the close of the evidence both parties jointly moved the court to withdraw the case from the jury, and agreed that all matters of fact and law be determined by the court, which was done.

The trial court in about fourteen pages of the record rendered the judgment. The court dismissed without prejudice pleas of intervention.

The court overruled all demurrers of both parties, to which ruling on defendant's exceptions, defendant excepted.

The court overruled defendant's motion for judgment and defendant excepted.

The court denied the prayers of both parties for divorce, and decreed that the common law marriage and the civil ceremony marriage of April 4, 1934, between plaintiff and defendant are null and void and are dissolved, cancelled, annulled and held for naught.

The court then adjudged that plaintiff, Irene C. Eaton, do have and recover of and from defendant, Clayton H. Eaton, an undivided one-half interest in and to all and every the properties and assets, real and personal, including moneys and choses in action, now owned and held by and in the name of defendant, or to which he is now entitled, wheresoever situate (except a certain bond described in the sum of $500, which the court found to be defendant's separate property).

The court then particularly described in the several paragraphs and divisions of the judgment the properties in which interests were awarded to plaintiff, which we omit to state, to which judgment and ruling defendant duly excepted and prosecutes this appeal.

### Opinion.

On a previous day this Court entered the following order in this case:

"On this day coming on to be heard the joint motion of appellant and appellee to affirm in part and in part reverse and dismiss the cause, and the Court having considered the same, is of the opinion that the same should be granted to the extent that that portion of the judgment of the Court below which denies a divorce to both parties and which annuls the marital relationship between them and which denies the

appellee recovery of attorney's fees sought by her be affirmed; but, that the motion be overruled and denied as to that portion of the motion which prays this Court to reverse that portion of the judgment of the lower court settling the property rights of the parties and dismiss the cause insofar as it seeks to determine and adjudicate property rights.

"Wherefore, it is considered, adjudged and ordered that the joint motion of appellant and appellee to affirm in part and in part reverse and dismiss the cause, be, and the same is hereby, granted to the extent that that portion of the judgment of the Court below which denies a divorce to both parties and which annuls the marital relationship between them and which denies to appellee recovery of attorney's fees sought by her be, and the same is hereby, affirmed; but that the motion be overruled and denied as to that part of the motion which prays this Court to reverse that portion of the judgment of the lower court settling the property rights of the parties and dismissing the cause insofar as it seeks to determine and adjudicate property rights."

The case was tried before the court without a jury.

The court made and filed findings of fact and conclusions of law.

No question is presented as to the sufficiency of the evidence to show that plaintiff had resided in this State for more than twelve months, and in Bexar County six months next preceding the filing of her original petition herein.

The court found and the evidence shows that plaintiff and defendant were married to each other and lived together as husband and wife for several years, in good faith, considered themselves husband and wife since the beginning of their common law marriage, and during their civil ceremony marriage, and up to the date of their separation, on June 21, 1937, at which time they were permanently separated, and since which time they have lived separate and apart.

The evidence shows and the court found that at the time plaintiff and defendant were married to each other, both by common law marriage and by civil ceremony, plaintiff was legally married to one Roy Shafer; that is to say, plaintiff, about 1920, was married to Roy Shafer and said marriage had never been legally dissolved.

The court found, and we think upon sufficient evidence, that on the date of the common law marriage and of the civil law marriage between plaintiff and defendant, plaintiff in good faith entered into said marriage relations with defendant, and during all the time of their cohabitation as husband and wife continued the marriage relation with defendant in good faith, believing that the prior marriage to Roy Shafer had been dissolved, and that there was no legal impediment to her marriage to defendant.

The trial court found, and we think with sufficient evidence to support the finding, except as indicated in the judgment, that all the properties and assets, real and personal, owned and held by and in the name of defendant, were acquired by plaintiff and defendant by and through their joint efforts, and described in the judgment.

The trial court found that there was an agreement between plaintiff and defendant that the properties which should be acquired by either of them during their living together as husband and wife should be the joint property of both, and that such agreement was carried out and recognized and confirmed by both parties throughout their marital relationship, and were treated and dealt with by each as their joint property, each as having a one-half interest.

The court denied each a divorce and dissolved, cancelled and annulled the common law marriage as well as the civil ceremony marriage of April 4, 1934.

 Defendant, appellant here, submits that since this cause was essentially a divorce suit and was so instituted it was error to proceed with the trial after it was determined that no divorce could be granted either party, and refers us to Article 4638 of the Revised Civil Statutes, and to Ft. Worth & R. G. Ry. Co. v. Robertson, 103 Tex. 504, 121 S.W. 202, 131 S.W. 400, Ann.Cas.1913A, 231, and to Harkness v. Harkness, Tex.Civ.App., 1 S.W.2d 399.

Without reviewing the above cases at length we do not believe they support the proposition contended for by defendant.

In Barkley v. Dumke, 99 Tex. 150, 87 S.W. 1147, 1148, Justice Gaines uses the following language: "We think it should be taken as the settled doctrine in this state that, in case of a marriage of the character of that in controversy, the putative wife, so long as she acts innocently, has, as to the property acquired during that

time, the rights of a lawful wife," and refers with approval to Lawson v. Lawson, 30 Tex.Civ.App. 43, 69 S.W. 246, as ably sustaining the doctrine he announced, as above. In that case Judge Gaines discusses the question at some length, and holds as in the brief quotation we make. See, also, Allen v. Allen, Tex.Civ.App., 105 S. W. 53; Speer on the Law of Married Women, par. 178.

The case was essentially a divorce suit by both parties until defendant amended his pleadings and pleaded as in his cross action setting up the impediment to plaintiff's marriage.

 The question as to the property rights of plaintiff and defendant is the only one we think it necessary to discuss. We have carefully reviewed the other propositions presented, and do not think they show reversible error and they are each overruled.

Finding no reversible error the case is affirmed.