**HUPP et al. v. HUPP.**

No. 15190.

Court of Civil Appeals of Texas. Fort Worth.·

Dec. 22, 1950.

Rehearing Denied Jan. 19, 1951.

Bullington, Humphrey, Humphrey & Fillmore, of Wichita Falls, for appellant.

John A. Storey, of Vernon, Walter Nelson, Jr., Carrigan, Hoffman & Carrigan, and Stanley C. Kirk, all of Wichita Falls, for appellee.

McDONALD, Chief Justice.

According to the findings of the jury and the evidence in harmony with them, T. R. Hupp, now deceased, was at all times material to this suit married to Zula Hupp. At some time prior to the year 1936 T. R. Hupp became acquainted with the appellee, who will be referred to as Ann Hupp. It is Ann Hupp's claim that she and Hupp were married in 1936, she believing that T. R. Hupp and Zula Hupp had been divorced. T. R. Hupp and Ann moved to Texas, and lived together until his death in 1948. Through their joint efforts and contributions they accumulated property of the value of some twenty thousand dollars. In this suit, brought against Hupp's administrator, his heirs, and Zula Hupp, Ann Hupp seeks to recover judgment for one-half the value of said property, either on the theory that she was entitled thereto as the putative wife of T. R. Hupp, or on the theory that she and Hupp accumulated the property in a partnership or joint venture Ann recovered judgment, and the defendants have appealed relying on seventeen points of error.

■ To begin with, we hold that the judgment must be reversed because of the admission, over objection of defendants, of testimony of Ann Hupp concerning statements by and transactions with the de-

ceased T. R. Hupp, in violation of Article 3716, R.C.S., which prohibits in certain cases the testimony of a party concerning statements by or transactions with a deceased person. We shall discuss the grounds on which appellee argues that the testimony was admissible, or else that the error in its admission was waived.

First, she contends that she was suing for her own individual interest and rights as a putative wife, or as a partner, to property the title to which was in her, and not in the decedent or his heirs. This argument overlooks the fact that defendants disputed the claim that the property in suit belonged to plaintiff, either as the surviving putative wife or as a partner. The case is brought within the statute by reason of the fact that the plaintiff sued the administrator and heirs of the deceased, as such, and that judgment would be rendered for or against them, as such. It is true that the judgment would not be rendered for or against the plaintiff as an heir or as a representative of the deceased, within the meaning of the statute, but judgment would be rendered for or against the defendants in the capacities set out in the statute. We recently had a similar problem before us in the case of Higgs v. Farmer, Tex.Civ.App., 234 S.W.2d 1021.

■ Second, it is argued that the trial court, by his rulings, confined plaintiff's testimony solely to her acts and conduct. An examination of the record shows that the testimony was not so confined. For instance, she testified that she was married to Hupp, and that she lived with him as his wife. It is obvious that this testimony concerned transactions with the deceased, and the same can be said of much of her testimony concerning their business dealings.

Third, plaintiff says that defendant first called her to testify concerning transactions with the deceased. We hold that they did not. When defendants raised objection under Article 3716, plaintiff's counsel declared that he proposed only to ask what plaintiff had done. Shortly thereafter, plaintiff testified that she had made a certain trip for the purpose of putting in a store. Defendants' counsel interrupted, inquiring if he might ask plaintiff a question, and asked her in effect whether she put in the stores herself or whether she and Hupp put them in. It is plain from the record that defendants were asking the question only for the purpose of clarifying the plaintiff's testimony, and the importance of the clarification is shown by the fact that her answers were unmistakably to the effect, when all of her testimony is considered, that most of the time she was referring to the activities of both herself and T. R. Hupp.

■ Fourth, it is contended that defendants waived their objection by going more fully into the statements by and transactions with the deceased on cross-examination than was done on direct examination. We overrule this contention. Plaintiff's case was largely made out by her testimony on direct examination. Cross-examination of the witness is not a waiver of the objection so long as it is no more than an endeavor to develop the truth. 41 Tex.Jur. 904. The record before us does not show a waiver of the objection. The testimony of the plaintiff looms so large that it must be deemed to have affected the verdict. Furthermore, without her testimony there was not sufficient evidence of some of the facts necessary to be proved to support a judgment in plaintiff's favor.

The jury found that there was not a ceremonial marriage between Ann and T. R. Hupp. Defendants argue that there cannot be a putative marriage where there has not been a ceremonial marriage. In other words, they say that a common law marriage, which would have been a valid marriage if one of the parties had not been married to another, cannot serve as the basis for asserting a putative marriage. The San Antonio Court of Civil Appeals declared in Papoutsis v. Trevino, Tex.Civ. App., 167 S.W.2d 777, writ dismissed, that "one asserting under a putative marriage cannot claim good faith in the absence of a ceremonial marriage attended by the

·formalities prescribed by law." See also, In re Greathouse's Estate, Tex.Civ.App., 184 S.W.2d 317. Smith v. Smith, 1 Tex. 621, 46 Am.Dec. 121, was relied on as authority for the pronouncement. We do not join in the view announced by the San Antonio Court. The Supreme Court, in Smith v. Smith, had before it a marriage relationship which began in 1830 and was governed by the laws of Mexico. The court referred to the fact that a common law marriage was not recognized in that jurisdiction, and said, among other things, that a claim of good faith could not be made under such circumstances in the absence of a ceremonial marriage. In the case then under review there had been in fact a ceremonial marriage. The facts of the three Court of Civil Appeals cases also cited in Papoutsis v. Trevino did not present the question now under discussion.

A putative marriage based on a common law marriage relationship was sustained in Lawson v. Lawson, 30 Tex.Civ.App. 43, 69 S.W. 246, writ refused, and the Supreme Court cited Lawson v. Lawson, without a hint of criticism, in Barkley v. Dumke, 99 Tex. 150, 87 S.W. 1147. The opinion in the latter case refers to the fact that Smith v. Smith was decided under the rules of the Spanish law, and not under the laws prevailing after Texas adopted the provisions of the common law in 1840. Although the precise question now under consideration is not expressly discussed in the opinion, the court in Eaton v. Eaton, Tex.Civ.App., 125 S.W.2d 624, apparently thought that a claim of putative marriage could be based on a common law marriage.

While a different rule might well prevail under the Spanish law, which does not recognize what we know as common law marriages, every reason that exists for allowing relief to a party who has entered into a putative marriage relationship applies with equal force to the situation where the putative marriage was entered into as a common law marriage as where it was entered into pursuant to a marriage ceremony.

Defendants argue that the evidence was insufficient to warrant a finding that there was a partnership or a joint venture, that it was insufficient to show what property was subject to plaintiff's claims, if any she had, or the value of the accumulations resulting from the joint efforts and contributions of Ann and T. R. Hupp, or that certain items of property or money represented such accumulations, and complaint is made of the form of the issues submitted to the jury which inquired about some of such matters. Since we have no way of knowing what the proof may be on another trial, it would probably not be helpful to counsel or the trial court to discuss such questions against the background of the record now before us. We may, however, say this much: If there was a putative marriage, and if the proof does not show the amount of contributions or efforts of either party, the rule seems to be that each of the putative spouses is entitled to half of the joint accumulations. Lawson v. Lawson, supra. Attention of the parties is also called to the rule that partners are presumed equal where partnership is shown, and nothing more. Johnston v. Ballard, 83 Tex. 486, 18 S.W. 686; Bivins v. Proctor, 125 Tex. 137, 80 S.W.2d 307. It would be elemental that the person claiming to be a putative spouse or a partner would have the burden of identifying any particular piece of property as being a part of the accumulations of the parties during the putative marriage or partnership.

Defendants contend that error was committed in permitting witnesses, other than plaintiff, to testify as to certain statements made by T. R. Hupp. They say that death of a declarant does not render his declarations admissible in the face of the hearsay rule. Statements of T. R. Hupp against his interest were admissible against those claiming under him. 17 Tex.Jur. 543.

In answer to another contention made by defendants, we refer to the rule which permits proof of a marriage to be made by general repute as to the status

of the parties in the neighborhood where they reside and are known. 28 Tex.Jur. 737. But it was not proper to endeavor to prove a divorce between T. R. Hupp and his first wife by the testimony of a witness that he had seen a copy of a divorce decree. If there was such a decree, a certified copy of it would ordinarily be the best evidence of it.

Other questions are raised in the briefs, but we do not attempt to pass on them since they may not arise on another trial, or since the proof may be so different that a discussion of them in the light of the present record would not be helpful to the parties or the trial court.

Reversed and remanded.