**Ike MOORE, Appellant,**

v.

**Clemiteen JORDAN, a Feme Sole, et al.,**
**Appellees.**

**No. 13444.**

Court of Civil Appeals of Texas.

Houston.

Oct. 22, 1959.

Peter P. Cheswick, Houston, for appellant.

Herschel B. Cashin, Galveston, for appellees Barfield.

M. Leon Kalvort, Houston, for appellee Jordan.

BELL, Chief Justice.

Ike Moore filed suit in trespass-to-try title, seeking to recover title and possession of the West ½ of Lot 10 and the East ½ of Lot 11 in Block 337 in the City of Galveston, and Lot 22 in Block 61 of Independence Heights School Addition in Harris County. The property had been owned by Sam Moore during his lifetime and Ike Moore claimed as the surviving child of Sam Moore. It was appellant's claim that he was the issue of a common law marriage consummated between Queen Esther Robinson and Sam Moore. Trial was to a jury and the jury, in answer to a special issue answered there was no agreement between Sam Moore and Queen Esther Robinson to become husband and wife. The Court, based on this jury verdict, rendered judgment that appellant take nothing.

Appellant assigns five Points of Error. However, as we interpret four of them, they raise but one basic question and that is as to whether the Trial Court correctly submitted the case to the jury.

■ Appellant seems to contend that since the parties stipulated the only question involved was whether there was a common law marriage, this is the only

issue that should have been submitted to the jury. If the Court had asked the jury whether there was a common law marriage, he would have submitted a law question which, of course, is improper. Too, the stipulation did not stipulate as to any particular issue to be submitted to the jury, but was merely an agreement that the only general question in issue was whether there was a common law marriage. The Court actually submitted three issues:

1. Whether there was an express or implied agreement to live together as husband and wife.

2. Whether pursuant to said agreement they thereafter cohabited.

3. Whether they held one another out as husband and wife.

The issues were submitted conditionally, an answer to Issue No. 2 being necessary only if the jury in answer to Special Issue No. 1 found there was an agreement. Special Issue No. 3 was to be answered only if the jury found affirmatively to Issue No. 2.

■ To establish a common law marriage there must be an agreement express or implied between the parties to become husband and wife, cohabitation in pursuance of such agreement, and a holding out by the parties that they are husband and wife. Shelton v. Belknap, 155 Tex. 37, 282 S.W.2d 682. If either element does not exist, there can in law be no common law marriage. When the jury answered there was no agreement between the parties to become husband and wife, this defeated appellant's claim.

■■ Appellant says, however, that an agreement may be established by the fact that the parties held one another out as husband and wife and when the Court conditionally submitted the issue, it deprived him of a jury answer to the question of whether the parties held themselves out as husband and wife. The effect of his contention is that if the jury answered affirma-tively to such issue, it would establish such an agreement.

We do not agree. The jury still must answer whether there was an agreement express or implied to become husband and wife. It is true that the jury may infer an agreement from the fact of a holding out by the parties as husband and wife. However, it is for the jury to decide as to whether there was an agreement to become husband and wife.

Appellant is in no position to complain of the conditional submission of the issues. The record reflects that counsel expressly told the Court he had no objection to the charge as submitted to the jury.

■ Appellant contends that when the jury answered there was no agreement to become husband and wife, this was but a finding on an evidentiary matter and there was thus no verdict on which the Court could render a judgment. He says the Court should have declared a mistrial, or, since the evidence indisputably showed a common law marriage, the Court should have rendered judgment for appellant.

Whether there was an agreement to become husband and wife is not evidentiary; it is an ultimate fact issue and having been answered unfavorably to appellant the Court correctly accepted the verdict and rendered judgment for appellees. The evidence was conflicting and therefore a fact issue was raised.

■ Appellant finally complains that the Court erred in orally charging the jury, particularly when this was done in the absence of appellant and his counsel.

The record reflects that the jury, after some deliberation, on two occasions asked questions. After this appellant's counsel asked that he be excused so he could attend to an urgent matter in Louisiana. Counsel expressly agreed the Court could answer any questions the jury should ask in the absence of counsel or appellant. While appellant and counsel were absent

the jury asked testimony showing appellant's date of birth be read. This was done. The Court then said, "Folks, apparently you are having a little trouble with some of these issues. The court thought they were entirely self-explanatory. If you will read them, they mean just old, common, ordinary English, just what they say."

We find no error. Appellant had given permission for the Court to follow this procedure. Even had he not done so, we fail to see how any possible harm could have resulted to appellant. What the Court said was that the charge means in common ordinary English just what it says.

The judgment of the Trial Court is affirmed.