Dorothy Gladys WHALEY et vir, Appellants,

v.

Vilosa May PEAT, Appellee.

No. 14319.

Court of Civil Appeals of Texas.

Houston.

April 9, 1964.

Rehearing Denied April 30, 1964.

Stevens & Ludtke, O'Brien Stevens, Philip M. Shafer, Houston, for appellants.

Dent, King, Robinson & Wickliff, Robert D. Ford, Thomas H. Dent, Houston, for appellee.

COLEMAN, Justice.

Appellant, Dorothy Gladys Whaley, brought this action to establish her interest in certain real estate as the daughter of Ambres Peat, deceased. Appellee, Vilosa May Peat, contended that she was the surviving wife of Ambres Peat, and his only heir at law.

In response to special issues the jury found that Ambres Peat and Gladys Hockless entered into an agreement to become man and wife; that they cohabited together as man and wife; that they held themselves out to the public as man and wife; and that their general reputation in the community in which they lived was that they were husband and wife to each other. The jury also found that Gladys Hockless, the mother of appellant was married to Whitney Willis on February 20, 1917, and that this marriage had not been dissolved prior to February 22, 1922. The undisputed evidence was that the marriage of Gladys Hockless to Whitney Willis predated her purported marriage to Ambres Peat, and that she died on December 12, 1922. The trial court sustained appellee's motion to disregard the answers made by the jury to all of the issues except those establishing the marriage of Gladys Hockless to Whitney Willis and the fact that this marriage was not dissolved prior to her death.

Where the trial court has disregarded certain of the answers made by the jury to special issues, it is the duty of the reviewing court to determine from the record if there was evidence of probative value to support the jury's answers which were set aside, and in so doing the reviewing court must consider the evidence in the light most favorable to appellant, disregarding conflicts in evidence and indulging reasonable intendments deducible from the evidence in favor of appellant.

Zachry v. McKown, Tex.Civ.App., 326 S.W.2d 227, ref., n. r. e. The jury found all of the elements necessary to establish a valid common law marriage between Gladys Hockless and Ambres Peat, and these answers were supported by competent evidence. Ex Parte Threet, 160 Tex. 482, 333 S.W.2d 361.

Since the jury found that the marriage between Gladys Hockless and Whitney Willis predated her marriage to Ambres Peat and was not dissolved prior to her death and appellant has presented no points challenging these findings, she is bound thereby. The presumption of a valid marriage applied in such cases as Texas Employers' Insurance Association v. Gomez, Tex.Civ.App., 313 S.W.2d 956, therefore, is not applicable in this case.

The narrow question determinative of this case is whether section 42 of the Probate Code, Vol. 17–A, Vernon's Annotated Texas Statutes, is applicable under the facts of this case. This section provides, in part that: "The issue also of marriages deemed null in law shall nevertheless be legitimate."

The evidence establishes that Ambres Peat was competent to enter into a marriage with Gladys Hockless. The jury has found that he did enter into a common law marriage with her. His good faith in so contracting is presumed. Smith v. Smith, 1 Tex. 621; Texas Employers' Insurance Association v. Elder, 155 Tex. 27, 282 S.W.2d 371.

There can be no question but that a common law marriage produces the same legal consequences as a ceremonial marriage. A putative marriage is one contracted in good faith and in ignorance (on one or both sides) that impediments exist which render it unlawful. United States Fidelity and Guaranty Co. v. Henderson, Tex.Civ.App., 53 S.W.2d 811. There is authority that one cannot claim good faith necessary for a putative marriage in the absence of a ceremonial marriage. Papout-

sis et al. v. Trevino, Tex.Civ.App., 167 S.W.2d 777, writ dism.; In re Greathouse's Estate, Tex.Civ.App., 184 S.W.2d 317. The rule announced in these cases was criticized in Hupp v. Hupp, Tex.Civ.App., 235 S.W.2d 753, ref., n. r. e., where the court said:

"While a different rule might well prevail under the Spanish law, which does not recognize what we know as common law marriages, every reason that exists for allowing relief to a party who has entered into a putative marriage relationship applies with equal force to the situation where the putative marriage was entered into as a common law marriage as where it was entered into pursuant to a marriage ceremony."

See also Texas Employers' Insurance Association v. Elder, supra.

In Humphreys v. Humphreys, 359 S.W.2d 103, the Court of Civil Appeals at Waco, in a case having a similar fact situation as this, held Section 42 of the Probate Code applicable. This case was reversed by the Supreme Court, Humphreys v. Humphreys, 364 S.W.2d 177, on the ground that the finding of the trial court, that there was no agreement to marry between the parties, was supported by some evidence and could not be disregarded by the Court of Civil Appeals. The Court said:

"If his parents entered into a common law marriage as he claims, plaintiff is entitled to an undivided one-sixth interest in the land."

The Court then held:

"As the case comes to us, one of the essential elements of a common law marriage has not been proved and there is no contention that Oscar and Hazel were ceremonially married. We do not, therefore, reach the question decided in Texas Employers' Ins. Ass'n v. Elder, 155 Tex. 27, 282 S.W.2d 371, and the concluding sentence of Section 42 of the Probate Code has no application. Hodge v. Hicks, supra."

In Hodge v. Hicks, 149 Tex. 390, 233 S.W.2d 557, the Supreme Court held that where no marriage at common law was proven and it was not contended that there was a ceremonial marriage, no marriage was proven, and the statute obviously was not intended to apply to a situation of that kind.

The Court of Criminal Appeals of Texas has held that a putative marriage may arise out of either a ceremonial or a common law marriage and that children born of a putative marriage are legitimate. In Curtin v. State, 155 Tex.Cr.R. 625, 238 S.W.2d 187, that Court said:

"We are also of the opinion that a marriage is a marriage in Texas, either at common law or when ceremonially observed, provided the parties are free to contract. If one party is not free to contract but such inhibition is not known to the other party and he enters into a contract fairly, such becomes a putative marriage. The woman is a putative wife and her children born therefrom are legitimate children."

We are in agreement with this statement of the law and hold that the trial court erred in disregarding the answers made to Special Issues 1 through 4, and in entering judgment for appellee. We, therefore, find it unnecessary to consider the assignments relating to the issues submitted to the jury on the question of equitable adoption.

The judgment of the trial court is reversed and judgment is here rendered that appellant, Dorothy Gladys Whaley is the legitimate daughter of Ambres Peat, and entitled to participate in his estate jointly with his surviving wife, Vilosa May Peat, as provided by law. We are unable to determine as a matter of law that the real property involved is susceptible of partition in kind, nor can we adjust the equities between the parties. The cause, therefore, is remanded to the trial court for further proceedings necessary for partition of the estate.