Angelina Valles REY, Appellant,

v.

Paul REY, Jr., Appellee.

No. 6253.

Court of Civil Appeals of Texas, El Paso.

Nov. 15, 1972.

Rehearing Denied Dec. 6, 1972.

**246**

Allen L. Poage, El Paso, for appellant.

Niland, Niland & Cooper, Herbert E. Cooper, El Paso, for appellee.

## OPINION

RAMSEY, Chief Justice.

The opinion and judgment of this Court, dated the 5th day of July, 1972, is withdrawn and this opinion is substituted therefor.

This is a divorce case. Angelina Valles Rey, Petitioner-Appellant, filed suit for divorce from Paul Rey, Jr., Respondent-Appellee. Judgment was entered based on the jury's answer to one special issue. We reverse and remand with instructions.

Petitioner's original pleading alleged a marriage in December, 1957, and a separation on May 1, 1971. Respondent filed a plea to the jurisdiction alleging no valid marriage, and further alleging that the parties were divorced in 1963 and that he had married one Socorro Fong in Juarez, Mexico, on January 16, 1964. Petitioner filed an amended petition, alleging the divorce as plead by Respondent, and further alleging that the parties resumed their marital relationship by common law marriage commencing July 1, 1963, and living together continuously until June 1, 1971. Petitioner also replied to Respondent's plea to the jurisdiction alleging the resumption of the marriage relationship immediately after the divorce asserting that this constituted a valid common law marriage and that by reason thereof, no valid ceremonial marriage could have been consummated between Respondent and Socorro Fong. Petitioner prayed for a decree of divorce, cusody of their minor child, and child support.

Petitioner has assigned seven points of error. We have carefully examined points numbered one, two, three, four, six and seven and have determined that under the condition of the record, these points must be overruled.

■ Point of error number five complains of the submission of Special Issue Number 1, which is as follows:

"Do you find from a preponderance of the evidence that Paul Rey, Jr. and Angelina Valles Rey were husband and wife between July 1, 1963, and January 15, 1964?"

Explanatory definitions were supplied by the Court to assist the jury. Petitioner's brief states that this issue was submitted by the Court over objection. This statement is not challenged by the Respondent. In reviewing the record, we are unable to find any objection made to the Court's charge. Requests were made and denied for other instructions, but no other issues were requested and no objections to the Court's charge appears. Thus, any error committed by the Court in submitting the issue was waived as provided in Rule 279, Texas Rules of Civil Procedure.

This issue has been held sufficient though not preferable. Mata v. Rangel et al., 432 S.W.2d 146 (Ref. n. r. e.); Moore v. Jordan et al., 328 S.W.2d 343 (Ref. n. r. e.). Shelton v. Belknap et al., 155 Tex. 37, 282 S.W.2d 682 (1955); and Whaley et vir v. Peat, 377 S.W.2d 855 (Ref. n. r. e.), support the submission of questions concerning the constituent elements of a common law marriage predicated upon the necessary facts to establish the legal relationship.

The jury, in answer to the issue submitted, found that during the period inquired about the parties were not husband and wife. One other issue was conditionally submitted but by reason of the answer to the first, the second was not answered.

The facts giving rise to the matters in controversy are important to note.

The parties were married in a ceremonial marriage in 1957. In June, 1963, the Petitioner obtained a divorce intending to move to California. En route, Respondent sent her a telegram asking her to return. At Tucson, she got off the train and returned to El Paso and resumed living with Respondent. Petitioner's version of their relationship was that they continued to live together as they had before. Respondent, in answer to a question as to whether or not they agreed to live together after the divorce, testified:

"There was no such agreement as such. We just took it for granted; We just got together."

The gist of Respondent's testimony as to their relationship in the period of time between the divorce and January 15, 1964, was that they saw each other quite a bit though he denied a husband and wife relationship. He also testified that in the fall of 1963 he asked Petitioner to marry him but she refused.

During this time, Respondent became involved with a Miss Socorro Fong at his place of employment. According to his testimony, his relationship with her culminated in their ceremonial marriage in Juarez, Mexico, on January 16, 1964. He lived with her only a week or two when she left. Petitioner consistently denied that she knew of any marriage between Respondent and Miss Fong, and testified that even during this one or two week period Respondent referred to, she and Respondent continued to live together. Respondent testified to the contrary. Exhibits consisting of pictures, stationery and cards and testimony of neighbors and relatives were introduced, which are quite persuasive after the alleged Juarez marriage and until the time of this trial, indicating that the parties considered themselves husband and wife. In February, 1965, a child was born. Respondent acknowledges his paternity of the child and has assisted the Petitioner to some extent by contributing financial support. Pictures were introduced showing both parties together with the child, including the baptismal service in the church, and a newspaper clipping as to their parentage in the birth records. Respondent obtained a commissary authorization in May, 1971, permitting Petitioner to have post exchange privileges and represented her as his wife. Respondent in his 1964 and 1965 income tax returns showed his marital status as single however, because he did not want to get in trouble with the Internal Revenue Service.

■ If we were to assume that no common law marriage existed between the parties from July 1, 1963, to January 15, 1964, and further assume that on January 16, 1964, Respondent entered into a ceremonial marriage with Miss Fong, still, if the parties thereafter consummated what otherwise would be a common law marriage as maintained by Petitioner, with the additional proviso that the Petitioner entered the relationship in good faith and without knowledge of any impediment by reason of the marriage to Miss Fong as Petitioner claims, then a putative marriage would exist whereby the legitimacy of the minor child involved here would be established. Also, if a putative marriage is established, the property rights of the child entitling her to support as well as her right of inheritance from her father would be adjudicated. Whaley et vir v. Peat, supra; Curtin v. State, 155 Tex.Cr.R. 625, 238 S.W.2d 187. Thus, a putative marriage may arise out of either a ceremonial or common law marriage.

■ A child born of a putative marriage is legitimate. Gravley v. Gravley, 353 S.W. 2d 333 (dismissed). The effect of the Court's judgment denying any relief to the Petitioner judicially determines that no marital relationship existed between the parties and thus placing upon the child the stigma of illegitimacy and thereby depriving the child of her right under our statutory provisions for support as well as depriving her of her rights of inheritance.

■ In view of Rule 374, T.R.C.P., the reviewing Courts have been reluctant to reverse and remand a case for fundamental error in the absence of an assigned error. The authority to do so has been firmly established in such instances where the error in the lower Court proceedings directly and adversely affect the interest of the public generally as declared in the statutes and the constitution. Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979 (1947). This authority may be exercised either by the Courts of Civil Appeals as well as the Supreme Court. McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265 (1957). Justice Alexander in his concurring opinion in Ramsey v. Dunlop, supra, agrees with the application of the rule with the admonition that it should be applied more strictly and narrowly than had been allowed prior to the adoption of the Rules of Civil Procedure.

■ At common law, no remedy was available to compel a putative father to contribute to the support of an illegitimate child. Any remedy must be implemented by legislation. Texas has provided no such remedy. In its absence, the burden for the support of an illegitimate child is then imposed upon the mother of the child or upon public or private charity or welfare. 6 Baylor L.Rev. 520. This is obviously a matter of public interest and transcends the interests of the parties to the divorce action.

■ We conclude that the trial Court committed fundamental error in adjudicating the rights of the Petitioner and particularly the rights of the minor child based on an issue unduly limiting the relationship of the parties to matters antecedent to the alleged ceremonial marriage and not encompassing the relation of the parties subsequent thereto. It is our opinion that issues should be submitted inquiring not only of the facts regarding the relationship of the parties before the alleged ceremonial marriage but also regarding the alleged ceremonial marriage itself as well as the knowledge and good faith of the Petitioner in her alleged marital relationship following the alleged ceremonial marriage until their separation.

Reversed and remanded with instructions.