**HODGE et al. v. HICKS et al.**

No. 14177.

Court of Civil Appeals of Texas. Dallas.

April 14, 1950.

Rehearing Denied May 5, 1950.

Geo. K. Holland and Lee J. Taylor, both of Dallas, for appellants.

Turner & Turner, Dallas, for appellees.

CRAMER, Justice.

This suit was for partition of real estate. and for accounting of rents. It was brought by Katie Hodge, joined by her husband, claiming that she is the sole heir of Jim Jefferson and the legitimate daughter of a valid common law marriage between Jim Jefferson and Isabella Jefferson, deceased. Suit was against Manathis Hicks, Charlie Hicks, Johnell Hawkins Glenn, and Bennie Hawkins, children and grandchildren of Leila Jefferson, deceased wife (by a ceremonial marriage entered into after his separation from Isabella), of Jim Jefferson. The property involved was acquired in the name of Jim Jefferson during his ceremonial marriage to Leila. Both Jim Jefferson and Leila died intestate, she having died in the year 1945, he in 1946.

There is evidence in the record that Jim Jefferson and Isabella Jefferson lived together for a time, and it was generally understood in the community that they were husband and wife, and that as a result of such living together as husband and wife, Katie Hodge was born. There was also testimony by witnesses who testified that Jim Jefferson, many times referred to Katie as his daughter, both before and after his marriage to Leila, and that Katie had actually lived with and around Jim Jefferson both before and after he moved to Dallas and both before and after his marriage to Leila. It is undisputed that the ceremonial marriage between Jim Jefferson and Leila was after his separation from the mother of Katie.

The trial was to the court without a jury. The court after hearing all the evidence, rendered and entered judgment against Katie, holding that there had been no common law marriage as between Jim Jefferson and Katie's mother. Appellants contend on this appeal that the facts of such marriage are undisputed and that the trial court should have entered judgment as a matter of law that there was a valid common law marriage between Jim Jefferson and Isabella Jefferson and that Katie Hodge was their child. We cannot sustain this contention. We are not unmindful of the presumption of marriage from cohabitation and reputation and, as in this case, the legitimacy of a child as the result of that relationship. But that presumption is overcome by proof of a subsequent ceremonial marriage, since the presumption of the validity of such ceremonial marriage is stronger than the presumption of the previous marriage by cohabitation and reputation. 35 Am.Jur., "Marriage," p. 311, sec. 199. In the Texas case of Walton v. Walton, 228 S.W. 921, 922, Judge Taylor, then Presiding Judge of the Commission of Appeals, Section A, now a member of our Supreme Court, held: "Nor does the evidence showing a living together as husband and wife, and common reputation, conclusively establish the fact of marriage, where there is also evidence that later there was a separation between the parties, and one of them was thereafter actually married by a cere-

monial marriage to another person. The presumption of marriage based on habit and reputation is in such case, overcome by proof of the ceremonial marriage."

The evidence as a whole raised the question of whether or not there was an original agreement of marriage entered into between Isabella and Jim Jefferson. Such issue was a question of fact for the trial court and the assignments raising the legal sufficiency of the evidence to support the finding that there was not an original agreement are therefore overruled. The other assignments are dependent on the finding of a valid common law marriage, and, in view of our holding that the issue of whether or not there was a common law marriage was one of fact, and found by the trial court against the appellants, such other assignments become immaterial and are overruled without discussion. The judgment below is affirmed.