KATIE HODGE ET VIR V. MANATHIS HICKS ET AL.

No. A-2723. Decided October 25, 1950.
Rehearing overruled November 29, 1950.
(233 S. W., 2d Series, 557.)

Lee J. Taylor and Geo. K. Holland, both of Dallas, for petitioners.

The facts conclusively show that there was a common law marriage between Jim and Isabella Jefferson which facts are

not overcome by the subsequent separation of the parties to that marriage and the later ceremonial marriage of Jim to another person, there being no contest between the marriages, and a child born during the existence of the common law marriage is legitimate and has the right of inheritance, and the subsequent separation of the parents and the ceremonial marriage of one of them to another does not deprive that child of its legitimacy status of its right of inheritance. Drummon v. Benson, 133 S. W. 2d 154; Gress v. Gress, 209 S. W. 2d 1003; 28 Texas Jur., 717-719.

*Turner & Turner* and *J. L. Turner*, all of Dallas, for respondents.

MR. JUSTICE HART delivered the opinion of the Court.

In this suit which Katie Hodge and her husband brought for partition of real estate and for accounting of rents, Katie Hodge's contention is that she is entitled to inherit from her father, Jim Jefferson, because she was born following a valid common law marriage between her father and her mother, Isabella Jefferson. There is evidence to the effect that Jim and Isabella Jefferson lived together as husband and wife, that each acknowledged that he or she was married to the other, that it was understood in the community that they were husband and wife, that the petitioner was born while they were living together as husband and wife, and that Jim Jefferson acknowledged that the petitioner was his child. The evidence further shows without dispute, however, that Jim and Isabella Jefferson separated and that Jim Jefferson went through a ceremonial marriage with another woman while Isabella was still alive. There is no showing of any divorce between Jim and Isabella Jefferson. Under these facts, the district court held that the plaintiff had failed to establish a marriage at common law between her mother and father, and this judgment was affirmed by the Court of Civil Appeals. 229 S. W. 2d 893.

Upon full consideration of the record, we are of the opinion that this case is controlled by the decision in Walton v. Walton, Com. App., 228 S. W. 921. Under very similar facts, it was held in that case that the evidence did not establish as a matter of law that a common law marriage existed. Special emphasis was laid on the facts that the parties, after living together as man and wife, separated and one of them, while the other was still living, contracted a ceremonial marriage with a third person. These facts also exist in this case and constitute some evidence from which the district court could reasonably conclude that

there was in fact no agreement between Jim and Isabella Jefferson to become husband and wife, in spite of the evidence indicating the contrary, which is summarized above. The facts in Clover v. Clover, Tex. Civ. App., 247 S. W. 300 (writ of error refused), which is cited by petitioners, are substantially different, and we therefore do not regard what was said in that case as being persuasive here.

Petitioners also contend that the following sentence of Article 2581, Vernon's Texas Civil Statutes, is applicable in this case:

"The issue also of marriages deemed null in law shall never-the less be legitimate."

We overrule this contention. The finding of the trial court, which we have held to be supported by some evidence, is that there was no marriage at common law between Jim and Isabella Jefferson; and it is not contended that there was any other kind of marriage. Hence no marriage was proved. The statute is obviously not intended to apply to a situation of this kind. Deferari v. Terry, 128 Texas 521, 99 S. W. 2d 290; McArthur v. Hall, Tex. Civ. App., 169 S. W. 2d 724 (writ of error refused, w. o. m.)

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered October 25, 1950.