**MARSHALL et al. v. MULLINS.**

No. 14628.

Court of Civil Appeals of Texas. Dallas.

April 24, 1953.

Rehearing Denied May 22, 1953.

W. J. Durham and R. M. Williams, both of Dallas, for appellants.

T. L. Hamilton, Dallas, for appellee.

CRAMER, Justice.

This is a proceeding by appellants to set aside a former judgment of the Probate Court, dated Aug. 4, 1949, probating the will of C. C. Underwood, deceased. The County Court entered a judgment setting aside its former judgment, and entered a new judgment favorable to contestants. This last judgment of the County Court was appealed to the District Court where, on a jury verdict, judgment was rendered in favor of appellee, probating the will. Appellants have duly perfected this appeal from the District Court judgment and here brief 18 points of error which, collectively, raise but one question, to wit: Whether or not the District Court acquired jurisdiction of the appeal to that court from the second judgment of the County Court. The points, in substance, assert that the District Court erred: (1) In overruling contestants' motion to dismiss the appeal; (2) in overruling contestants' motion for judgment n.o.v. to dismiss the appeal because of proponent's failure to file an appeal bond or affidavit for costs within fifteen days after the County Court judgment; (3) in finding contestants had perfected the appeal; (4) in holding the appeal was perfected without the filing of a bond within fifteen days after the County Court judgment; (5) in rendering judgment without the appeal having been perfected, on a finding that proponent had made diligent effort to give bond, but because of her poverty she was unable to do so, (6) notwithstanding her inability to give bond, failed to file an affidavit under Rule 333, Texas Rules of Civil Procedure; (7) in holding that proponent may use and substitute the judgment of the County Court in lieu of such bond or affidavit; (8) in finding that the County Court judgment may be used in lieu of or in substitution for a bond or affidavit to perfect an appeal; (9) in holding that a recitation in the County Court judgment, that an appeal is taken from the Probate Court, was a sufficient notice of appeal; (10–11) in holding that the entry of the judgment by the County Court constituted a filing of the affidavit where the judgment itself was not sworn to; and (12) in holding that the affidavit in the judgment satisfied Rule 333, T.R.C.P.; (13–14) in holding that the form of judgment containing the affidavit was sufficient under Rule 333 to perfect the appeal; (15–16) in rendering judgment, and in empaneling a jury, without first acquiring jurisdiction of the parties by a lawfully perfected appeal; (17) in admitting evidence as to any fact or issue without first acquiring jurisdiction of the case; and (18) in resting its judgment against appellants upon findings of the jury, all without first acquiring jurisdiction of the parties and subject matter by an appeal from the County Court.

The transcript shows no appeal bond was filed and that the only affidavit of inability to pay costs, as provided for in the Rules, is contained in the form of the County Court judgment which was written out, handed to, and filed by the County Clerk, and thereafter copied into the minutes of the County Court, without quoting the judgment in full, it recited, in substance, that on the 2nd day of Feb. 1951, the matter

came on for hearing; that Bettie Marshall and others named therein filed a petition to set aside the first order of the County Court admitting the will to probate; that such first order ought to be set aside and held for nought and the will denied probate as the last will of C. C. Underwood, deceased, for the reason that C. C. Underwood was of unsound mind and did not have the mental capacity "to execute a will"; found there was a necessity for, and appointed J. L. Lott, temporary administrator; ordered the judgment entered August 4, 1949, admitting the will to probate, to be set aside and held for nought, and denied proponent's application to probate such will; made the necessary findings as to jurisdiction, set the bond of J. L. Lott at $1,000 removed Willie Mae Mullins as temporary administrator, and ordered her to file a final account.

The judgment provided, material to the points here, as follows:

"To all of which said judgment, Willie Mae Mullins, proponent in said cause duly excepted in open Court and in the presence of the Judge of said Court and gave notice of appeal to the District Court in and for the 95th Judicial District of Dallas County, Texas.

> Willie Mae Mullins
> T. L. Hamilton, Atty for
> Willie Mae Mullins,
> Proponent.

"State of Texas
"County of Dallas:

"Before me, the undersigned authority, on this day personally appeared Willie Mae Mullins, proponent in the above styled and numbered cause and after being duly sworn by me states on her oath that a Two Hundred Dollar bond required of her by reason of appealing said cause from the County Probate Court to the 95th District Court of Dallas County and that she is too poor to pay the costs of said suit in the District Court if the case is decided against her and after diligent effort to do so, she is unable to give security for said bond or to make said bond or give said bond because of her poverty. Willie Mae Mullins.

"Subscribed and sworn to before me this the 15 day of February, 1951. Rev. S. N. Williams, Notary Public in and for Dallas County, Texas.

"W. L. Sterrett, Judge County Court of Dallas County, Texas." [1]

The cover on the judgment is as follows:

"51934–D Number In Re: Estate of C. C. Underwood, Deceased Defendants Ex. 4 Plaintiffs S. S. In The County Court of Dallas County, Texas. In Probate. Proof of Last Will And Only Will And Testament. Filed Aug. 4, 1949. Ed. H. Steger, Clerk, County Court Dallas County, Texas By Minnie McMillan Deputy Filed 28 3 22 PM '51 Bill Shaw District Clerk Dallas County, Texas ——— Recorded in Vol. 247 page 135 Probate Minutes."

 It is our opinion that when the form of judgment (containing the complete pauper's affidavit) was filed with the district clerk, as a filed paper, it served the purpose of a notice of appeal. The judgment itself was entered in the original bound volume of the minutes of the court. The fact that the form of judgment containing the affidavit for costs was improperly endorsed as "Order set aside order probating will," did not affect the validity of the affidavit for costs. The file mark shows the instrument was filed within fifteen days after the county court judgment, and, as an affidavit for costs, was within time and sufficient to give the District Court jurisdiction. The contention here being that no affidavit for costs

1. The names "Willie Mae Mullins, T. L. Hamilton Atty. for Willie Mae Mullins," above shown are in the handwriting of Willie Mae Mullins and T. L. Hamilton. The name "Willie Mae Mullins" signed to the affidavit is in the handwriting of Willie Mae Mullins, and the Notary Public signature, "Rev. S. N. Williams," is in the handwriting of said Williams. The signature of Judge W. L. Sterrett at the conclusion of the judgment and after the affidavit is in the handwriting of Judge Sterrett.

was filed, the question of the *sufficiency of the form* of the affidavit is not before us. A defective affidavit or bond vests the District Court with jurisdiction. Defects of form may be cured by amendment, under proper order of the court, if and when that question is raised.

We therefore hold (1) that the entry of the judgment on the minutes evidenced the judgment of the court; (2) that the file mark of the clerk on the instrument containing the affidavit was sufficient as an affidavit for costs and gave the District Court jurisdiction; and (3) that the endorsement on the cover, although improper, did not affect the validity of the notice of appeal.

Points 1 to 18 inclusive are overruled.

The appellants in their supplemental brief assert four additional points in substance as follows: (1) The appellee is without authority to abrogate the statutory right of appellants to contest her pauper's affidavit by making such affidavit a part of the judgment appealed from; (2) the form of the pauper's affidavit in the judgment, as here, may not be contested because it would be a collateral attack on the judgment; (3) the appellee having failed to have the County Judge fix the amount of the appeal bond, may not arbitrarily set the bond herself and make a purported affidavit a part of the judgment and substitute such judgment or any part thereof for the pauper's affidavit required by the Rule; and (4) the proponent had the burden of showing by a preponderance of the evidence that the will offered for probate had not been revoked by the testator.

◼ Supplemental points 1, 2 and 3 will be considered together. They raise (in addition to the matters discussed in passing on points 1 to 18 inclusive) the question of an asserted loss by the appellee here of the right to contest the pauper's oath filed in the County Court on the appeal to the District Court. In our opinion this right has not been lost. Rule 355(b) provides: "The clerk shall forthwith give notice of the filing of such affidavit to the opposing party or his attorney." Subdivision (c) provides: "Any interested officer of the court or party to the suit, may, by sworn pleading, contest the affidavit within ten days after the giving of such notice whereupon the court trying the case (if in session) or (if not in session) the judge of the court or county judge of the county in which the case is pending shall set the contest for hearing, and the clerk shall give the respective parties notice of such setting."

Rules 353, 354, and 355 should be liberally construed. In Smirl v. Globe Laboratories, 144 Tex. 41, 188 S.W.2d 676, our Supreme Court held an appeal by affidavit of inability to pay costs should not be dismissed because the clerk failed to give the notice required by Rule 355(b); but that the appellant should be given an opportunity to contest the affidavit for costs, and if they desired, to present, by affidavit, evidence thereon to the appellate court. The District Court here, as the court to which said cause was appealed, could then determine the question of the sufficiency of the affidavit as well as any other fact necessary to ascertain the question of the appealing parties' right to appeal by pauper's oath. Under such Supreme Court holding, the District Court had jurisdiction, by reason of the affidavit (in the form of judgment here), to inquire into the material facts and, if necessary, to pass upon the question of the sufficiency of the affidavit; or on the question of appellee's ability to give a cost bond or make a deposit for costs if properly requested to do so. As set out above, no such motion or attack has been made.

Supplemental points 1 to 3 inclusive are overruled.

◼ Supplemental point 4 asserts in substance that proponent had the burden of showing that the will had not been revoked. In our opinion the evidence did not raise the issue. Exhibit 4 is an affidavit of W. M. Pierson, a witness to the will, in question. Said affidavit was filed in the county court, and in the district court on the appeal. In the affidavit the witness specifically swore (together with other material facts): "That afterward, on June 7th, A.D. 1949, said C. C. Underwood died in Dallas County, Texas, in which he had his domicile at and before his death, *and without having revoked*

*said will, so far as known to affiant."* (Italics ours.)[2]

In our opinion Pierson's affidavit created a presumption of continuity. Venner v. Layton, Tex.Civ.App., 244 S.W.2d 852, syls. 4 and 5.

We therefore hold that the trial court's finding that the will had not been revoked is sustained by the evidence and overrule appellants' supplemental point 4.

For the reasons stated, the judgment of the District Court is affirmed.

2. The form of the affidavit is one generally used and, in Dallas County, is printed and furnished to the witnesses by the County Clerk. It is also substantially the same form as that appearing in Moffett's Texas Form Book.