**RAY et al. v. THOMPSON et al.**

**No. 12591.**

Court of Civil Appeals of Texas. Galveston.

July 9, 1953.

C. B. Bunkley, Jr., of Dallas, for appellants.

J. J. Duckett, of El Campo, and W. James Kronzer, of Houston, and Duckett & Duckett, of El Campo, and Hill, Brown, Kronzer & Abraham, of Houston, of counsel, for appellees.

GRAVES, Justice.

The nature of this case is, by concession of both sides, correctly thus summarized: Appellees brought suit in the District Court of Wharton County, Texas, against appellants, Houston Oil Company of Texas, and many others, for title and possession of certain real estate located in Wharton County, Texas, familiarly known as the General Mitchell 12-acre tract.

Appellees alleged: That they were owners of such land, and that the appellants, individually, jointly and severally, unlawfully entered upon and dispossessed them of such premises.

Appellee, Lula Mitchell Thompson, claimed ownership of the property as the surviving daughter of General Mitchell, and that "she was the fruits" of a valid, common-law marriage existing between General Mitchell and Kitty Mack.

Appellants filed an answer, pleaded not guilty, and specifically denied that Lula Mitchell Thompson was "the fruits" of a valid, common-law marriage between General Mitchell and Kitty Mack, claiming, in turn, that they held title under the sole surviving heirs of General Mitchell.

The appellant, Houston Oil Company of Texas, also pleaded an oil, gas and mineral

lease covering the land herein involved, and declared its readiness to pay royalties to the persons found by the Court to be entitled thereto.

This cause was tried by the Court, sitting without a jury, and judgment was rendered for appellees, granting them title and possession of the land.

Appellants' three Points of Error in this Court are substantially these:

First: The appellees having failed to prove that General Mitchell and Kitty Mack ever entered into an agreement between themselves to take each other for husband and wife.

Second: There being no evidence as to when an agreement was entered into between General Mitchell and Kitty Mack to take each other for husband and wife.

Third: There being no evidence that General Mitchell and Kitty Mack held each other out to the public as their respective spouses.

None of these presentments, it is determined, should be sustained. This for the over-all reason that they appear to directly contravene the findings of fact and conclusions of law the trial court filed in support of its judgment, without making any reference thereto; and that, in the face of the fact that they concede that the entire judgment rested upon the question of fact as to whether or not the appellee Lula Mitchell Thompson was the daughter of General Mitchell and Kitty Mack.

The trial court's findings of fact and conclusions of law upon that one issue alone were these:

### Findings of Fact

(5) "(g) That Lula Mitchell Thompson, Plaintiff herein was the daughter of General Mitchell, and her mother was Kitty Mack.

"(h) That at the time of the birth of Lula Mitchell Thompson, General Mitchell and Kitty Mack were living together as man and wife, and held themselves out to the community where they lived as man and wife, and were so regarded in said community.

"(i) No marital impediments pre-existed to the marriage of General Mitchell and Kitty Mack.

"(j) That at the time of his death, General Mitchell did not leave a surviving wife.

### Conclusions of Law

"Based upon the above Findings of Fact, the Court makes the following Conclusions of law:

"(1) That the Plaintiff, Lula Mitchell Thompson, was born of a valid common law marriage between General Mitchell and Kitty Mack."

This Court has carefully examined the Statement of Facts, with a view to at least determining whether or not there was sufficient testimony to support the court's finding that a common law marriage did exist between General Mitchell and Kitty Mack, and that the appellee here became their legitimate daughter during that relationship, although this appellant has not properly invoked this Court's jurisdiction to determine that question.

There is, however, no doubt in this Court's mind that the evidence was sufficient to support such finding by the trial court, which question of law constitutes the controlling one upon this appeal.

Furthermore, under our rules of established procedure, such record should be examined to ascertain whether it contained evidence favorable to the judgment rendered and under examination, rather than that against it; nor, while it may be conceded that the appellees could not prove that there had been an express agreement to marry between General Mitchell and Kitty Mack, no such burden was upon them, since—as is well settled by our authorities—such an agreement may be implied from cohabitation, and holding out to the community that the spouses were living together as husband and wife. Clack v. Williams, Tex.Civ.App., 189 S.W.2d 503,

505, writ refused; w. o. m.; Hupp v. Hupp, Tex.Civ.App., 235 S.W.2d 753, 756, 757, writ refused, n. r. e.

Furthermore, the sufficiency of the evidence to support such a judgment could not be changed by any subsequent remarriage of either of the spouses. Hodge v. Hicks, 149 Tex. 390, 233 S.W.2d 557, by the Supreme Court of Texas.

Indeed, in so far as authority upon the legal equivalent of the same state of facts is concerned, it is thought that this Court's holding in Jones v. Hutchinson, 208 S.W. 2d 579, 581 and 582, settles this controversy in the appellees' favor. Wherefore, the trial court's judgment will be affirmed.

Affirmed.

MONTEITH, C. J., not sitting.