Oscar **HUMPHREYS, Jr.**, Appellant,

v.

Kyle **HUMPHREYS** et al., Appellees.

No. 3981.

Court of Civil Appeals of Texas.

Waco.

June 28, 1962.

Rehearing Denied July 19, 1962.

Riley, Jones, Boyd & Lovelace, O. F. Jones, III, Waco, for appellant.

Carl Walker, Jr., Houston, for appellees.

McDONALD, Chief Justice.

Oscar Humphreys, Jr., plaintiff, brought this suit against defendants, who are the brothers and sister of his father, Oscar Humphreys, Sr., deceased, to recover his father's share of the estates of Sandy and Hester Humphreys, both deceased, who were his father's parents.

Plaintiff contends he is the legitimate son of Oscar Humphreys, Sr. and Hazel Parker Humphreys. It is stipulated that if plaintiff is entitled to recover, his interest is a ⅙th undivided interest in the properties of Sandy and Hester Humphreys.

Trial was to the Court without a jury, which after hearing, entered judgment that plaintiff take nothing. The Trial Court filed Findings of Fact and Conclusions of Law, pertinent of which are:

## FINDINGS OF FACT

1) Oscar Humphreys, Sr. never entered into a common law marriage with Hazel Parker.

2) Hazel Parker was lawfully married to Ernest Winn in 1926 and remained his lawful wife until her death.

3) Oscar Humphreys, Jr. is not the legitimate son of Oscar Humphreys, Sr., deceased.

## CONCLUSIONS OF LAW

1) Oscar Humphreys, Sr. and Hazel Parker never entered any type of marriage relationship.

2) Oscar Humphreys, Jr. is not the legitimate son of Oscar Humphreys, Sr.

3) Oscar Humphreys, Jr. is not entitled to the relief prayed for in his petition.

Plaintiff appeals, contending that the Trial Court erred in entering judgment on the ground that he was not the legitimate son of Oscar Humphreys, Sr.

It is undisputed that plaintiff is the son of Oscar Humphreys, Sr. and Hazel Parker Humphreys, both deceased; that they were living together as man and wife, before, at the time of, and for long after plaintiff's birth; that plaintiff's birth certificate dated July 1930, shows him to be legitimate; that plaintiff's mother's first husband had gone to California before she commenced living with plaintiff's father, and she believed that she had been divorced by him, having heard that he had married a girl named Clara, in California. There is no evidence that plaintiff's mother and her former husband were not divorced.

■ The essential elements of a common law marriage are: 1) an express or implied agreement to enter into marriage; 2) cohabitation as husband and wife; 3) holding out to the public as being married. Grigsby v. Reib, 105 Tex. 597, 153 S.W. 1124, L.R.A.1915E, 1; Cain v. Caine, Tex. Civ.App., (n. w. h.) 314 S.W.2d 137. The evidence is undisputed that *all* of these elements existed between plaintiff's father and mother.

■ In Texas, the presumption of validity of a marriage duly shown to have been contracted, "is one of the strongest, if, indeed, not the strongest, known to law. 'The presumption is, in itself, evidence, and may even outweigh positive evidence to the contrary. The strength of the presumption increases with the lapse of time, acknowledgments by the parties to the marriage, and the birth of children; and the fact that the legitimacy of a child may be involved

is a factor in sustaining the validity of the marriage.' * * * It is well that the presumption should be so regarded, for it is grounded upon a sound public policy which favors morality, innocence, marriage, and legitimacy rather than immorality, guilt, concubinage, and bastardy." Tex. Emp. Ins. Ass'n v. Elder, 155 Tex. 27, 282 S.W. 2d 371. Our Supreme Court further holds in the Elder case, supra, that upon proof of subsequent marriage, "the presumption itself supplied the evidence," that a prior marriage had been dissolved and the subsequent marriage was valid; the burden of proving the contrary being upon the party attacking its legality, and no burden resting on plaintiff to show the prior marriage was dissolved, and further, "Courts will gladly resort to any allowable presumption to avoid the holding that Ethel Mae and Elder were never married and that the mother of Dade's children is not his wife." A common law marriage was there in question as in the instant case. See also: Boudreaux v. Taylor, Tex.Civ.App., 353 S.W.2d 901.

■ Applying the rules announced to the undisputed factual situation, we think that Oscar Humphreys, Sr. and Hazel Parker entered into a common law marriage; that plaintiff is the legitimate son of Oscar Humphreys, Sr.; and that he is entitled to the relief he seeks.

■ Moreover, Section 42, Texas Probate Code, Vol. 17A, Vernon's Ann.Tex. Civ.St. provides that, "The issue also of marriages deemed null in law shall nevertheless be legitimate." Under the factual situation, it is our view, that if it had been affirmatively shown (which it was not), that Hazel Parker had no divorce from her former husband, that plaintiff is "legitimate", and capable of inheriting from and through his father.

The judgment of the Trial Court is reversed; and the cause remanded for further proceedings not inconsistent with the views herein expressed. Reversed and remanded.