**Kyle HUMPHREYS et al., Petitioners,**

v.

**Oscar Earl HUMPHREYS, Jr., Respondent.**

No. A–9216.

Supreme Court of Texas.

Jan. 9, 1963.

Rehearing Denied Feb. 6, 1963.

Orgain, Bell & Tucker and Allen E. Smith, Beaumont, for petitioners on the appeal only.

Carl Walker, Jr., Houston, Riley, Jones, Boyd, Westbrook & Lovelace, Waco, for respondent.

WALKER, Justice.

This partition suit was instituted by Oscar Humphreys, Jr., plaintiff, against Kyle Humphreys et al., defendants, to establish an interest in approximately 56 acres of land located in Falls County. It appears from the evidence that plaintiff is the son of Oscar Humphreys, Sr. and Hazel Parker, hereinafter referred to as Oscar and Hazel, both of whom are now deceased. If his parents entered into a common law marriage as he claims, plaintiff is entitled to an undivided one-sixth interest in the land.

Some of the facts are undisputed. Hazel and Ernest Winn were ceremonially married on March 21, 1926. They separated in 1928, and Winn went to California.

Hazel and Oscar began living together the following year. They cohabited and held themselves out to the public as husband and wife until 1931, when they separated. Plaintiff was born on July 6, 1930. A birth certificate admitted in evidence shows plaintiff's name as "Oscar Earl Humphrey," his parents' names as "Oscar Humphrey" and "Hazel Parker," and bears the notation "legitimate." The record does not indicate the source of the information shown on the certificate, but Oscar recognized plaintiff as his son.

The case was tried to the court without a jury. In a mixed conclusion of law and fact, the trial court found that Oscar and Hazel did not enter into a common law marriage. Judgment was accordingly entered that plaintiff take nothing. The Court of Civil Appeals reversed and remanded, holding: (1) that the evidence shows a common law marriage as a matter of law, and (2) that even if it appeared that Hazel was never divorced from Ernest Winn, Section 42 of the Texas Probate Code, V.A.T.S. would entitle plaintiff to inherit from and through his father. 359 S.W.2d 103.

■ The elements of a common law marriage are: (1) an agreement presently to be husband and wife; (2) living together as husband and wife; and (3) holding each other out to the public as such. Ex parte Threet, 160 Tex. 482, 333 S.W.2d 361, and authorities there cited. It is not essential that an express agreement be shown by direct evidence. A contract to marry may be implied or inferred from evidence which establishes the second and third elements of the marriage. Shelton v. Belknap, 155 Tex. 37, 282 S.W.2d 682.

■ The testimony in this case comes from three witnesses, and there is no direct evidence that Oscar and Hazel expressly agreed to be husband and wife. Two of the witnesses were three years of age or under in 1931. The third was Hazel's sister, Ophelia Jackson, and her testimony consists largely of affirmative answers to leading questions. While the evidence is not as specific as might be desired, it shows without dispute that Oscar and Hazel cohabited and held themselves out to the public as husband and wife. Since the trial court found that they did not enter into a common law marriage, the narrow question is whether an agreement to marry has also been established as a matter of law. In determining that question, the evidence must be viewed in the light most favorable to the finding of the trial court.

■ On September 2, 1931, Hazel instituted suit for divorce against Ernest Winn in the 54th District Court of McLennan County. The petition shows her name as "Hazel Winn" and alleges that "a valid marriage between plaintiff and defendant still exists." No judgment has been entered in that case, and the cause is still pending on the docket. The testimony of Ophelia Jackson is inconsistent in certain respects, but it will support an inference that Hazel regarded herself as the wife of Ernest Winn continuously from their marriage until some time after she filed suit for divorce. In view of this evidence, the trial court could reasonably conclude that Oscar and Hazel did not agree to become husband and wife. Cf. Hodge v. Hicks, 149 Tex. 390, 233 S.W.2d 557.

As the case comes to us, one of the essential elements of a common law marriage has not been proved and there is no contention that Oscar and Hazel were ceremonially married. We do not, therefore, reach the question decided in Texas Employers' Ins. Ass'n v. Elder, 155 Tex. 27, 282 S.W.2d 371, and the concluding sentence of Section 42 of the Probate Code has no application. Hodge v. Hicks, supra.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.