Velma Hames WELLS et al., Appellants,

v.

Arthur HAMES et al., Appellees.

No. 460.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 10, 1971.

Rehearing Denied March 10, 1971.

Vernon L. Hankins, Houston, for appellants.

Philip M. Shafer, and John A. Hugghins, Houston, for appellees.

BARRON, Justice.

The appellee, Arthur Hames, as administrator of the estate of Jesse Lee Hames, deceased, brought this action in Probate Court of Harris County, Texas, to determine heirship of the said decedent. The appellants, Velma Hames Wells and Norvell Hames Marshall, are daughters of the decedent. The appellees are two full brothers, a half-brother, a half-sister and two half-nephews of the decedent. The Probate Court found that the decedent, Jesse Lee Hames, and Josephine Collins had entered into a common law marriage in the year 1910; that the appellants were children of said common law marriage; that the appellants were the sole and only heirs of the decedent, and the court rendered judgment that the appellants were each entitled to one-half of the decedent's estate. The appellees perfected appeal to the District Court of Harris County where the case was tried to the court without a jury. The District Court found that Josephine Collins is the mother of the appellants and that Jesse Lee Hames was the father of the appellants but that the said Josephine Collins and Jesse Lee Hames were never married to each other by ceremony or under the common law. The District Court held that the appellants were not legitimate daughters of Jesse Lee Hames, and that they did not inherit any of the property or estate which belonged

to the decedent. The District Court rendered judgment that the sole and only heirs of the said Jesse Lee Hames are the appellees. The appellants, Velma Hames Wells and Norvell Hames Marshall, have appealed from the judgment rendered by the trial court.

The appellants contend in their first point of error that the trial court's finding that Jesse Lee Hames, deceased, and Josephine Collins were not married under the common law is against the great weight and preponderance of the evidence.

■ The essential elements of a common law marriage are (1) an agreement presently to become husband and wife; (2) living together as husband and wife, and (3) holding each other out to the public as husband and wife. Morris v. Morris, 463 S.W.2d 295 (14th Tex.Civ.App.1971); Ex Parte Threet, 160 Tex. 482, 333 S.W.2d 361 (1960).

Josephine Collins, the alleged common law wife of the decedent and mother of the appellants, testified that in 1907 she agreed with Jesse Lee Hames that they would be man and wife and that they lived together almost continuously from 1907 to 1910. Josephine Collins stated that she and the decedent lived together at intervals for 58 years; that after the year 1910 the decedent would stay away two or three months and then come back. She stated that she and the decedent told other people they were married and went to dances and shows together. In 1910, the first child was born and was named Velma Lee Hames as evidenced by her birth certificate. Velma Lee Hames testified that she attended school under the name Hames and had lived in her mother's home with Jesse Lee Hames. However, the evidence shows without dispute that the decedent went through a ceremonial marriage with a woman named Magnolia in 1913. A second daughter was born to Jesse Lee Hames and Josephine Collins in 1915. Lillie Davis Winfield testified that she had known Josephine Collins from childhood and that she knew Jesse Lee Hames three or four years before Velma was born in 1910.

She stated that Jesse Lee Hames introduced Josephine Collins as his wife, lived in Josephine Collins' house, ate his meals there, attended church with her and that the witness knew their reputation in the community as being husband and wife. The appellants introduced into evidence nine railway passes for years between 1923 and 1933 for the Hames family, listed as Jesse Hames, wife and daughters, Velma and Norvell.

Emma Taylor, a witness for the appellees, testified that Jesse Lee Hames lived with his mother from the time Emma met him in 1912 until he married Magnolia Hames. She stated that Hames lived with Magnolia until Magnolia died in 1958, and Hames then lived in the house which he and Magnolia had built until he died. James Modlow testified that Jesse Lee Hames lived with his mother until he married Magnolia in 1913. The appellee, Arthur Hames, a brother of Jesse Lee Hames, testified that Jesse Lee lived with their mother until 1913. The 1910 census record lists Jesse Hames, age 21, as a member of the household of his mother, Mary Taylor at 1608 Bingham Street, Houston. An affidavit of heirship in evidence states that "Magnolia Pearson Hames and Jesse Hames lived together continuously from the date of their marriage until the death of Magnolia Pearson Hames." An affidavit by Jesse Lee Hames states that he was the surviving husband of Magnolia; and that Magnolia lived with Jesse Lee Hames as his wife from the date of their marriage until the date of her death. Josephine Collins testified that her Social Security card is in the name of Josephine Collins rather than in the name of Hames.

■ Under the circumstances of this case, we hold that there was sufficient evidence to sustain the trial court's holding that Josephine Collins and Jesse Lee Hames were never married under the common law or otherwise. See Humphreys v. Humphreys, 364 S.W.2d 177 (Tex.Sup. 1963); Hodge v. Hicks, 149 Tex. 390, 233 S.W.2d 557 (1950); Walton v. Walton,

228 S.W. 921 (Tex.Com.App. op. Adopted, 1921). It is the settled law in Texas that under such circumstances appellants cannot inherit from their father. Hayworth v. Williams, 102 Tex. 308, 116 S.W. 43, 45 (Tex.Sup.1909).

██ Appellants further contend that Sec. 3(b) and Sec. 42 of the Probate Code, V.A.T.S. dealing with inheritance rights of illegitimate children are unconstitutional and violative of the Texas Constitution and the equal protection clause of the 14th Amendment of the United States Constitution. We have carefully considered appellants' contention and hold that the above sections of the Probate Code are constitutional and valid and that the classification involved is both rational and reasonable. An intermediate appellate court should not overrule established principles of law even on constitutional grounds unless such grounds are clear and reasonably certain. See Burnett v. City of Houston, 442 S.W. 2d 919 (Tex.Civ.App.1969), writ ref.

The judgment of the trial court is affirmed.