Harry M. FLAVIN, Temporary Administrator
of the Estate of John H. Flavin,
Deceased, Appellant,

v.

Flora Moon FLAVIN, Appellee.

No. 16462.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 17, 1975.

Rehearing Denied May 15, 1975.

Robert A. Jircik, Houston, for appellant.

Houchins & Tasker, Kenyon Houchins, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a probate court order granting the applicant, Flora Moon Flavin, a widow's allowance of $3,000.00 in lieu of homestead. The only issue on appeal is whether or not appellee contracted a valid common law marriage with John H. Flavin, Deceased.

The case was submitted to a jury who found that (1) the deceased, John H. Flavin, and appellee mutually agreed and consented on or about December 6, 1971 to become husband and wife; (2) that they cohabited as man and wife; (3) and that they represented to others that they were married. These findings are attacked on both legal and factual insufficiency grounds.

The elements of a common law marriage are: present agreement to be husband and wife; living together as husband and wife; and a holding out to the public of being married. Humphreys v. Humphreys, 364 S.W.2d 177 (Tex.1963).

The *no evidence, or legal suffi*-ciency points require the court to examine the record to see if there is any probative evidence, or reasonable inferences that may be drawn therefrom, in support of the jury's answers. Garza v. Alviar, 395 S. W.2d 821 (Tex.1965). There is evidence that Mr. Flavin and Mrs. Moon had been intimate over a long period of years. About eight months before he died Mr. Flavin moved from a duplex which he rented to the home of Flora Moon. Shortly after moving in he inquired of an attorney about the requirements of a common law marriage. Appellee testified that on the date Mr. Flavin moved to her house, they agreed to be husband and wife. Mr. Flavin executed a will and a power of attorney naming Flora Moon Flavin as his wife.

About three months after moving into Mrs. Moon's house Mr. Flavin subsequently left the house and moved into the house of Ruby Lee Skinner. He then cancelled the power of attorney and wrote a new will disinheriting appellee and leaving his estate to Mrs. Skinner. Mrs. Skinner later moved him to a rest home. A nephew subsequently visited him there and at his request moved him again to another rest home. Mr. Flavin then executed his final will leaving his estate to his three nephews, and this will was admitted to probate.

There is evidence that appellee stated before witnesses that she was not married to Mr. Flavin. Appellee testified that she did not remember making the statement. She stated that she did not tell her employer, her landlord, her insurance agent, the federal tax officials or the voter registration officials of any change in her name by reason of marriage. During the three months that she lived with Mr. Flavin appellee signed an affidavit as owner of a car with her previous name.

In addition to the evidence previously mentioned, there is testimony by appellee's attorney, who drew the will in which Mr. Flavin named appellee as his wife, and his daughter who was a witness on the will, that Mr. Flavin introduced Mrs. Moon as his wife at the time the will was executed. There is testimony that appellee presented the power of attorney to a bank official and was allowed to withdraw funds from the account of the deceased. Appellee testified that while she did not go around telling people that she was married, there was a number of people who were aware of that fact including her son, her attorney, her sister, three people who worked with her, and Arthur Flavin, one of the nephews of the deceased. The fact that the appellee did not change the manner in which she was listed with her employer, her landlord, her insurance agent, the federal tax officials, or the voter registration officials, while evidence on the issue of holding out, is weakened by the fact that they lived together for a period of only three months. The *testimony of appellee is strongly sup*-ported by the acknowledgment of marriage by Mr. Flavin in his will and in the power of attorney, which was recorded, both instruments having been executed in front of witnesses and in the presence of appellee.

It is unquestioned that they lived together under the same roof, which fact was known to some of their relatives and friends. There was no testimony that the marriage was kept secret. The facts are significantly different in this case from those found in Ex Parte Threet, 160 Tex. 482, 333 S.W.2d 361 (1960).

We cannot say that the answers made by *the jury to the issues submitted to them* are so against the great weight and preponderance of the evidence as to be manifestly unjust.

Special Issue No. 3 reads:

"Do you find from a preponderance of the evidence that after such agreement, between the parties, if you have so found, John H. Flavin, Deceased, and the applicant represented to others that they were married?"

■ In connection with this issue appellant requested the following instruction:

"You are further instructed that isolated references to a person being his or her husband or wife do not in and of themselves constitute evidence of the common law marriage and the same may be rebutted by a preponderance of the evidence."

This instruction was refused by the court. In so doing the court did not err. In Ex Parte Threet, supra, the court stated:

"It was held in Drummond v. Benson, Tex.Civ.App.1939, 133 S.W.2d 154, writ refused, that isolated references to a person as being his or her husband or wife constituted no evidence of a common law marriage. Similarly, the introduction of defendant as her husband to two close friends, and telling two or three others that she was married to defendant, constituted no evidence that plaintiff and Threet were living together as husband and wife and holding themselves out to the public as man and wife. Under the Texas decisions there can be no secret common law marriage as such. The secrecy is inconsistent and irreconcilable with the requirement of a public holding out that the couple are living together as husband and wife."

In neither of these cases did the parties live together in the same house, under the same name, nor was there direct evidence of a contract to be married. In this case there is no evidence that the fact of marriage was deliberately concealed from anyone. We do not understand these decisions to turn on the number of people who are informed of the fact of marriage. The rule announced is for the guidance of the trial court in determining the propriety of an instructed verdict, and for the guidance of the appellate court in passing on the sufficiency of the evidence. The jury was not asked to find whether or not there was a common law marriage in Special Issue No. 3 and the special requested instruction would not have been helpful in enabling the jury to answer the issue submitted.

The judgment is affirmed.