Mayme Kyle WARREN et al., Appellants,

v.

Lucille KYLE, Appellee.

No. 12686.

Court of Civil Appeals of Texas, Austin.

April 5, 1978.

Andrew Gary, Morgan & Gary, San Marcos, for appellants.

Karl H. Moeller, Hooper, Robinson & Moeller, Austin, for appellee.

O'QUINN, Justice.

By this lawsuit Lucille Kyle, now appellee, sought to establish her right to funds in excess of $2,000 held by Austin Municipal Federal Credit Union in a joint account opened in October of 1964 by appellee and

Hardy Kyle, who died in 1976. Opposing claims to the funds were asserted by surviving brothers and sisters of Hardy Kyle.

After trial before the court without aid of a jury, the court entered judgment awarding the account to Lucille Kyle upon a finding and conclusion that appellee " . . . is entitled to the rights and privileges as a community survivorship . . . . [and] as community survivor was entitled to the proceeds remaining in the . . . Union account." The court found that Hardy Kyle and Lucille Kyle were husband and wife under a valid common law marriage at the time the account with the credit union was established.

This appeal ostensibly is brought by the two sisters and two brothers of Hardy Kyle, who were cross defendants below after being impleaded by the credit union. The only appeal bond of record, however, reflects that Mayme Kyle Warren alone executed and filed the bond as principal. Appellee Lucille Kyle has filed a motion to dismiss as to all appellants except Mayme Kyle Warren.

The record shows that Mayme Kyle Warren, Augustus Kyle, Sidney Kyle, and Sadie Kyle Hardge, cross defendants below, timely filed their joint notice of appeal. The only appeal bond in the record was executed by Mayme Kyle Warren as *principal*, and Augustus G. Kyle and Sidney G. Kyle signed the bond as the two *sureties* required under Rule 354, Texas Rules of Civil Procedure. Sadie Kyle Hardge, the fourth cross defendant below, does not appear in any capacity on the bond.

The bond of record is " . . . conditioned that the said Cross-Defendant and Appellant, MAYME KYLE WARREN, *ET AL,* shall prosecute *their appeal* with effect . . . ." following the earlier recitation as to the adverse judgment " . . . from which judgment the *said Cross Defendants,* MAYME KYLE WARREN, *ET AL, desire to make an appeal* to the Court of Civil Appeals . . . ." (Emphasis added)

■ Rule 354 " . . . require that the party appealing *must* be named as *principal* in the bond and that he *must execute* the bond as *principal* or have the bond executed by someone having legal authority to act for him." (Emphasis added) *Owen v. Brown,* 447 S.W.2d 883, 885 (Tex.Sup.1969). Neither Augustus G. Kyle nor Sidney G. Kyle executed the bond in the record as *principal,* but acted in the capacity only of *surety* for Mayme Kyle Warren who was the principal. We conclude that neither Augustus Kyle nor Sidney Kyle has perfected an appeal from the judgment below, and they are hereby dismissed as appellants.

■ We are not unmindful of lenient actions by Texas courts in permitting amendments if the instrument can be said to be a bond (*Owen v. Brown, supra* ), and in liberally construing the Rule requiring appeal bonds. *Marshall v. Mullins,* 258 S.W.2d 98 (Tex.Civ.App. Dallas 1953, writ ref'd n. r. e.). Appellee's motion to dismiss certain appellants was filed in this Court on January 3, 1978. Since that time no reply to the motion has been filed, and no effort to seek amendment of the bond has been instituted in behalf of appellants. We are disposed, after this lapse of time, neither to invite an amendment, if permissible, nor to grant leave to amend, if appropriate. By liberal construction, we conclude, however, that Sadie Kyle Hardge may be included as an appellant by implication under language of the bond that " . . . MAYME KYLE WARREN, *ET AL,* shall prosecute *their* appeal . . . ." *Hollis v. Boone,* 315 S.W.2d 350 (Tex.Civ.App. El Paso 1953, no writ).

The same construction is not available to Augustus G. Kyle and Sidney G. Kyle, since these parties, both in the body of the bond and in its execution, acted solely as sureties to the exclusion of their potential capacity as principals.

Appellants bring five points of error. The controlling issue is presented under the first two points attacking the trial court's conclusion that Lucille Kyle and Hardy Kyle had a valid common law marriage at the time the account was opened in 1964.

We will overrule contentions of appellants that there was no evidence, and insufficient evidence, to support this result reached by the trial court, and will affirm the judgment.

It is undisputed that Hardy Kyle and Lucille Kyle were ceremonially married in 1937, and that this marriage ended in divorce in January of 1963. Lucille Kyle moved from San Marcos, where the couple lived, to Austin soon after the divorce.

In November of 1963 Hardy Kyle called Lucille Kyle by telephone from San Marcos to tell her he was sick and needed someone to look after him. Lucille Kyle drove to San Marcos and returned to Austin, bringing Hardy Kyle with her to her home, where she nursed him back to health. At the trial Lucille Kyle testified that they resumed living together as husband and wife and that "it seemed like we always was married anyway." She added that they had sexual relations "as much as possible."

With Lucille Kyle's help, Hardy Kyle obtained employment with the City of Austin, after which the joint account was opened with the credit union in October of 1964. The couple continued living together until about March of 1966, after which they saw each other only periodically.

The wife of the pastor whose church the couple attended in Austin testified that the couple lived together in the same residence and that Hardy Kyle introduced Lucille Kyle to members of the church as his wife. The pastor's wife also testified that the couple continued living together at the same address from late in 1963 and until sometime early in 1966. Several other witnesses testified also that the couple lived together and held themselves out as man and wife. Contradictory testimony was given by Mayme Kyle Warren and her brother Augustus Kyle, both interested witnesses and parties to the suit.

After Hardy Kyle left Lucille Kyle in March of 1966, Lucille Kyle entered into two marriages, one late in 1966 that lasted about three weeks and ended with a divorce, and a second in 1968 that ended in divorce about eighteen months later. The trial court found that the relationship between Hardy Kyle and Lucille Kyle, which ended with their separation in early 1966, was not terminated by divorce. Hardy Kyle died in July of 1976.

The trial court found, as recited in the judgment, " . . . that Plaintiff Lucille Kyle and the deceased, Hardy Kyle, on or about November, 1963, resumed their marriage relationship; that a duly and legally constituted common-law marriage was entered into by and between the parties and that subsequent attempts at marriage by Plaintiff were nullities and that Plaintiff was the legally constituted common-law wife of decedent, Hardy Kyle, at the time of his death and is entitled to the rights and privileges as a community survivor."

Appellants stress their contentions that there was no evidence, and insufficient evidence, of an express agreement, or an inference of agreement, between appellee and deceased, to be married in the period beginning with November of 1963.

Under the Texas Family Code, the marriage of a man and woman may be proved, in any judicial, administrative, or other proceeding, by evidence that " . . . they agreed to be married, and after the agreement they lived together in this state as husband and wife and there represented to others that they were married." (Sec. 1.91, Texas Family Code). The Code, in the same section, provides that "In any proceeding in which a marriage is to be proved . . . [under the early provisions of the section] the agreement of the parties to marry may be inferred if it is proved that they lived together as husband and wife and represented to others that they were married."

This statute is recognized as an enactment of case law firmly established in this state. *Humphreys v. Humphreys,* 364 S.W.2d 177 (Tex.Sup.1963); *Ex parte Threet,* 160 Tex. 482, 333 S.W.2d 361 (1960); *Shelton v. Belknap,* 155 Tex. 37, 282 S.W.2d 682 (1955).

The record contains abundant testimony that Lucille and Hardy Kyle lived together as man and wife and that each represented to other persons that they were married. There is testimony from Lucille Kyle indicating an agreement to be wife and husband, and in corroboration is the evidence of their joint savings account opened by them with the credit union in 1964.

In light of the fact that Lucille Kyle, subsequent to separation of the couple early in 1966, entered into ceremonial marriages with two other men while Hardy Kyle was living, the agreement between Lucille and Hardy Kyle to be married, which by statute may be implied or inferred from evidence which establishes cohabitation and common reputation, constitutes a presumption the trier of facts may find to be overcome by proof of the ceremonial marriages. In this case the trial court did not so find, but on the contrary expressly found, both in the judgment and in findings of facts and conclusions of law, that Lucille and Hardy Kyle agreed to enter into the common law marriage which the court found in effect continued until Hardy Kyle's death, despite the fleeting marriages Lucille Kyle had with two other men during Hardy Kyle's lifetime.

█ It is settled that the existence or not of a common law marriage is an issue of fact to be determined by the trier of the facts. *Walton v. Walton,* 228 S.W. 921 (Tex.Com.App.1921, jdgmt. adopted); *Hodge v. Hicks,* 229 S.W.2d 893 (Tex.Civ. App. Dallas 1950, aff'd 149 Tex. 390, 233 S.W.2d 557 (1950)); *Humphreys v. Humphreys, supra.*

In each of the cases cited the trier of the facts found that a common law marriage did *not* exist under the facts. In each case the presumption of agreement to be married was tested against proof of a ceremonial marriage to a third person, or proof of a divorce against a third person, from which the trier of facts was allowed to conclude there was no common law marriage.

In *Walton v. Walton, supra,* a jury found there had been no common law marriage, although the couple lived together six

years, holding themselves out to be married, during which time they had three children. After they separated, one of the persons contracted a ceremonial marriage with a third person. The court of civil appeals reversed the judgment of the trial court based on the jury findings and held that the common law marriage had been conclusively established. The commission of appeals reversed the judgment of the court of civil appeals and affirmed that of the trial court, and held that the presumption of the common law marriage based on habit and reputation is one which may be overcome by proof of the ceremonial marriage. The commission of appeals pointed out that there was abundant evidence to support the common law marriage, but, in effect, that the issue is for determination by the trier of the facts and is not to be decided by an appellate court as a matter of law.

The trial court in *Hodge v. Hicks, supra,* found that plaintiff failed to establish a common law marriage in a suit brought to establish plaintiff's right to inherit from her natural father, who she alleged was the common law husband of plaintiff's mother. After living together under circumstances indicating a common law marriage, the couple separated and the man entered into a ceremonial marriage with another woman during the lifetime of plaintiff's mother.

The court of civil appeals affirmed judgment of the trial court and held that the presumption of common law marriage was overcome by proof of the later ceremonial marriage. The supreme court affirmed the judgment of the court of civil appeals, citing *Walton v. Walton, supra.* The supreme court stated, "Under very similar facts, [in *Walton*] it was held . . . that the evidence did not establish as a matter of law that a common law marriage existed." The fact of a subsequent ceremonial marriage to a third person, the court said, will " . . . constitute some evidence from which the district court could reasonably conclude that there was in fact no agreement between . . . " plaintiff's natural parents " . . . to become husband and wife, in spite of the evidence indicating

the contrary . . . " 233 S.W.2d 557, col. 2.

In 1963 the supreme court considered the inferred agreement when overcome, in the view of the trier of the facts, by proof of a divorce proceeding by one of the parties against a third person. *Humphreys v. Humphreys, supra.* The trial court had found no agreement to be married, the court of civil appeals had reversed the trial court's judgment, but the supreme court, citing *Hodge, supra,* held that the trial court could reasonably conclude that there was no agreement to become husband and wife. The court stated, "Since the trial court found that they did not enter into a common law marriage, the narrow question is whether an agreement to marry has also been established as a matter of law. In determining that question, the evidence must be viewed in the light most favorable to the finding of the trial court." 364 S.W.2d 178, col. 2.

As recent as 1971, in a case decided by a court of civil appeals, the identical issue was considered, with the court citing and following *Humphreys, Hodge,* and *Walton, supra. Wells v. Hames,* 464 S.W.2d 393, 394 (Tex.Civ.App. Houston (14th) 1971, writ ref'd n. r. e.). In *Wells* evidence of a common law marriage appeared to meet the basic requirements, except that the implication of agreement was found by the trial court to be overcome by proof of a ceremonial marriage by one of the persons alleged to have a common law marriage.

In the case on appeal the trial court found that there did exist a common law marriage, and that the implied agreement was not overcome by proof of ceremonial marriages by Lucille Kyle to third persons while Hardy Kyle was living. The trial court found that Hardy Kyle and Lucille Kyle were never divorced from each other after separation in 1966 and concluded that the two fleeting ceremonial marriages of Lucille Kyle were only " . . . attempts at marriage . . . [and] were nullities . . . "

■ Appellants contend that the evidence is insufficient to support the trial court's finding of fact. Made at the appellate level, the contention is within the peculiar and conclusive factual jurisdiction of this Court, and in deciding the question all the evidence must be considered. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.Sup.1965). We hold that there was sufficient evidence to support the trial court's finding and conclusion that Lucille and Hardy Kyle had a valid common law marriage.

■ Under points three and four, appellants urge error in failure to join certain parties. In declaring the later marriages of Lucille Kyle "nullities," error is claimed because the two men in these ceremonies were not joined. It is urged also that in declaring Lucille Kyle the "sole heir" of Hardy Kyle, it was error not to join all possible heirs. We overrule both points of error. See Rule 39, Texas Rules of Civil Procedure; *Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200 (Tex.Sup.1974); *Dulak v. Dulak,* 513 S.W.2d 205 (Tex.Sup.1974).

■ Appellants by their fifth and final point attack the trial court's finding that title to property acquired by Lucille and Hardy Kyle during their first and ceremonial marriage remained in the names of Hardy and Lucille Kyle. We overrule the point. The pleadings of the parties did not place the property in issue, nor did the court's judgment dispose of the property. Even though immaterial and not in issue, the trial court's conclusions present no ground for reversal of the judgment. "The question in every such case must be whether or not the material facts found by the court are sufficient to support the judgment." *Andrews v. Key,* 77 Tex. 35, 13 S.W. 640, 641 (1890); *Becker v. Schneider,* 335 S.W.2d 850, 853 (Tex.Civ.App. Austin 1960, no writ).

The judgment of the trial court is affirmed.